IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:16cr92 |
| ) | |
| ROBERT MCLAMB ) | |

**DEFENDANT'S THIRD MOTION TO SUPPRESS**

Robert McLamb, through counsel and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(c), respectfully moves this Court for an order suppressing all evidence seized from Mr. McLamb's home computer by the FBI on or about February 28, 2015 through the use of a network investigative technique ("NIT"), as well as all fruits of that search. The NIT Warrant that purported to authorize this search mandated that the warrant be served upon the defendant within thirty days of the deployment of the NIT, unless extensions were granted. Despite receiving four extensions on its notice requirement, Law Enforcement deliberately failed to serve Mr. McLamb with a copy of the warrant and therefore suppression is warranted.

**INTRODUCTION**

As the Court is aware from Defendant's First and Second Motions to Suppress, all of the government's evidence in this case can be traced back to its remote search of Mr. McLamb's home computer through the use of NIT malware. This search was purportedly authorized by the February 20, 2015 "NIT Warrant" issued by Magistrate Judge Theresa Carroll Buchanan of the Eastern District of Virginia. *See* NIT Warrant, attached as Exhibit A.

1

## STATEMENT OF FACTS

Mr. McLamb incorporates here the statement of facts from his First and Second Motions to Suppress. To summarize, however, the basic facts are as follows:

In February 2015, the government physically seized a server from which an individual in Florida had been operating a website on the "Tor" network. This website is referred to in various government documents as "Website A" or the "Target Website" but it is commonly known as "Playpen." The FBI moved the Playpen server to a location in the Eastern District of Virginia and continued to operate the Playpen website for about a month.

Right after seizing the server, the government applied for a search warrant that would authorize it to install NIT malware on the computer of anyone who clicked through Playpen's homepage. Because the site was operated on the Tor network, the government could not identify the physical location of accessing computers without searching each computer first through the use of its NIT malware.

On or about February 28, 2015, FBI agents sent the NIT malware to a user's computer and seized data from it. The FBI used data they seized from this computer to determine its physical address: Mr. McLamb's home in Virginia Beach, Virginia. On December 1, 2015, the government obtained a traditional residential search warrant—based on the information it obtained through the NIT search—which authorized the search of Mr. McLamb's home. Pursuant to that warrant agents seized a large amount of electronic equipment, including a Xion desktop computer and two hard disk drives on December 8, 2015. In sum, all of the government's evidence traces directly back to the malware search it conducted pursuant to the NIT Warrant issued by Magistrate Judge Buchanan.

On November 28, 2016 this Court denied both motions to suppress. *See* ECF No. 41

**LAW & ARGUMENT**

Rule 41(f)(1)(C) requires notice by mandating that the officers give a copy of the warrant to the person from whom property was taken or else leave a copy at the place from which they took property. Rule 41(f)(3) allows courts to authorize the government to delay notifying the target of a search that his or her property has been searched if such delay is "authorized by statute." In this case, the government relied in the NIT warrant application on 18 U.S.C. § 3103a(b), which allows for delayed notice of a search of electronic information if the issuing court finds that immediate disclosure would seriously jeopardize an investigation. *See* 18 U.S.C. §§ 3103a(b)(a) and 2705. *See* Exhibit A. The magistrate judge authorized the government in the NIT warrant to delay notification for up to 30 days following execution of the NIT on a target computer. Additionally, sealed Exhibits B, C, D, and E are orders granting 90-day extensions that the government sought and obtained which extended the time by which they had to serve the warrant on Mr. McLamb in 90-day intervals.[1] The final order was dated December 21, 2015, and gave the government an additional 90 days to serve the warrant on Mr. McLamb. The government did not seek any additional extensions. Mr. McLamb was indicted on June 22, 2016. *See* Indictment, ECF No. 1.

Cox Communications informed the FBI of Mr. McLamb's name and address in March of 2015. *See* Cox Communications Subpoena, attached as Exhibit F. The government executed a residential search warrant at Mr. McLamb's residence on December 8, 2015, and gave him a copy of the residential search warrant. *See* Search Paperwork, attached as Exhibit G. Despite the fact that the government knew where Mr. McLamb lived and had actual face-to-face contact with him

---

[1] These orders were placed under seal by the magistrate judge and remain under seal in that matter. Accordingly, the defense has filed them under seal here. But the defense has no objection to the Court unsealing these exhibits.

on December 8, 2015, the government *never* provided Mr. McLamb with a copy of the NIT Warrant. Mr. McLamb received a copy of the NIT Warrant only when defense counsel provided a copy after it was received as part of a second discovery production made by the government in response to a specific request. This was on July 21, 2016.[2] *See* Discovery letter, attached as Exhibit H.

> As the Court correctly observed in its Order dated November 28, 2016,
>
>> Violations of Rule 41 are either constitutional or non-constitutional in nature. *United States v. Simons*, 206 F.3d 392, 403 (4th Cir. 2000). Non-constitutional violations of Rule 41 only merit suppression if (1) the defendant has been prejudiced by the violation, or (2) there exists evidence of a deliberate disregard of the Rule. *Id*.

*See* ECF No. 41. The defense would agree that Mr. McLamb was likely not prejudiced by the government's failure to notify him of the NIT Warrant in March of 2016; however, this Rule 41 violation appears to have been deliberate. Accordingly, suppression is warranted.

The government took great pains to extend the time it had to deliver notice of the warrant, perhaps because it did not wish to disclose the details of its investigation or alert other potential offenders. *See* Exhibits B-E, at pg. 2. These orders represent four separate instances in which the government went before a magistrate and sought to extend the notice deadline set out in Rule 41. Upon information and belief, the government never sought another extension of the notice deadline. The extension requests demonstrate that the government was aware of its obligations under Rule 41(f). Its failure either to seek another extension or to provide notice was not an accident, or an oversight, given all of its efforts in seeking extensions. Indeed, even once Mr. McLamb had counsel, the government still failed to provide the NIT Warrant in its initial

---

[2] Defense counsel initially received discovery on July 4, 2016, however the NIT warrant was not included in this initial batch of discovery. Defense counsel sent a letter requesting any all warrants on July 13, 2016 and the warrant was finally provided on July 13, 2016.

production, requiring the defense to make a specific request for the missing information. Under these circumstances, absent evidence of some alternative explanation, the government's failure to comply with Rule 41 should be found to have been deliberate.

## **CONCLUSION**

The government deliberately violated Rule 41(f) when it failed to serve a copy of the NIT warrant on Mr. McLamb. For this reason, suppression is warranted.

Respectfully submitted,

ROBERT MCLAMB

By:_____/s/_____

    Amanda C. Conner
    VSB # 88317
    Attorney for Robert McLamb
    Office of the Federal Public Defender
    150 Boush Street, Suite 403
    Norfolk, Virginia 23510
    (757) 457-0816
    (757) 457-0880 (telefax)
    amanda_conner@fd.org

    Andrew W. Grindrod
    VSB # 83943
    Assistant Federal Public Defender
    Attorney for Robert McLamb
    Office of the Federal Public Defender
    150 Boush Street, Suite 403
    Norfolk, Virginia 23510
    (757) 457-0800
    (757) 457-0880 (telefax)
    andrew_grindrod@fd.org

## **CERTIFICATE OF SERVICE**

      I certify that on the 19th day of December, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Elizabeth M. Yusi
United States Attorney's Office - Norfolk
101 W Main St
Suite 8000
Norfolk, VA 23510
(757) 441-6331
Fax: (757) 441-6689
Email: elizabeth.yusi@usdoj.gov

      By:_____/s/_____

Amanda C. Conner
VSB # 88317
Attorney for Robert McLamb
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0816
(757) 457-0880 (telefax)
amanda_conner@fd.org

6